IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL UTAH, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : |
| | : |
| STRAYER UNIVERSITY, | : NO. 15-5909 |
| | : |
| Defendant. | : |

**MEMORANDUM**

**STENGEL, J.**                                                                                           **January 27th, 2016**

*Pro se* plaintiff, Paul Utah, brings the current action against Strayer University.[1] Mr. Utah's complaint does not specify the cause of action against Strayer University, however, I will liberally construe Mr. Utah's complaint to attempt to allege a breach of contract, a discrimination and a harassment claim against Strayer University.[2] Defendant Strayer University filed their motion to dismiss for failure to state a claim on January 4, 2016, and Mr. Utah responded on January 6, 2016. For the reasons that follow, I will grant the motion to dismiss with prejudice.

---

[1] Mr. Utah's complaint was first filed in the Lehigh County Court of Common Pleas, but was removed to federal court on the basis of diversity jurisdiction. Paul Utah resides in Lehigh County, Pennsylvania and Strayer University is incorporated and has their principal place of business in Fairfax, Virginia. Mr. Utah's seeks $3,000,000.00 in relief.

[2] A court must construe a *pro se* plaintiff's pleadings liberally and must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Dluhos v. Strasberg. 321 F.3d 365, 369 (3d Cir. 2003).

1

I.    BACKGROUND

From October 2013 to December 2014, Paul Utah attended Strayer University as a student.  (Doc. No. 7[3] at ¶ 1(b)).  During this time, Mr. Utah claims that several actions were taken against him by the teachers and administration of Strayer University.  (Id. at ¶ 2).  In particular, Mr. Utah claims that he was subject to harassment and "emotional stress" from Professor James Yuhaz and Professor Robert Thompson.  (Id. at ¶¶ 2(a), 4).  According to Mr. Utah, the harassment occurred when Mr. Utah "saw [Professor Yuhaz] once at the time of coming into the building," when Mr. Utah "heard [Professor Yuhaz's] voice when Paul Utah was in business 475," and when "[Professor Yuhaz] was by the class, while Paul Utah was in the class being taught by his professor."  (Id. at ¶ 2(a)-(b)).  Additionally, Mr. Utah claims that Professor Yuhaz caused him emotional stress when " . . .he was talking about crazy people he would look at me. While [sic] saying some of the subjects."  (Id. at ¶ 2(g)).  Finally, Mr. Utah alleges that when he came into Professor Yuhaz' class late one day, Professor Yuhaz refused to allow Mr. Utah to take a quiz that the rest of the class was taking.  (Id. at ¶ 11(a)).  Mr. Utah also alleges harassment by Professor Thompson.  (Id. at ¶ 4).  Mr. Utah states that one day, "Robert Thompson looked at [him] and said the word dead while teaching the classroom. . ."  (Id.)

Additionally, Utah's complaint alleges that the teachers acted in violation of teaching standards, the National Education Association's code of ethics and a PSEA contract.  (Id. at ¶¶ 2(d), (h)).  Utah claims, "[e]very teacher has contract a teacher [sic]

---

[3] Plaintiff's Amended Complaint.

has with the State of Pennsylvania to do their best so that the student passes the class successfully without question." (Doc. No. 16[4] at 1).  Accordingly, Utah takes issue with several of the grades that he received in his classes and the subsequent failure of his professors to ensure that Utah passed their classes.  Mr. Utah states that when he asked Professor George Dollar whether there was a way he could change his grade in order to pass Professor Dollar's class, Professor Dollar responded by telling Mr. Utah that he could not offer opportunities to him that were not available to all students.  (Doc. No. 7 at ¶ 9(d)).  Mr. Utah also claims that Professor Angela Garrett and Maria Boutler had "errors" in their assignments that resulted in Mr. Utah receiving a "D" grade.[5]  (Id. at ¶¶ 6, 8).

Finally, Mr. Utah claims that Strayer University subjected him to discrimination and profiling.  (Id. at ¶ 2(e)).  Mr. Utah alleges that "[t]he campus thought Paul Utah was just an underachiever student."  (Id. at ¶ 2(e)(i)).  As a result of this perception of Mr. Utah, Strayer University thought that "Paul Utah did not want his degree as much as he wanted it" despite Mr. Utah emailing and calling teachers to see how he could pass their classes.  (Id. at ¶¶ 2(e)(iii)-(iv)). As relief, Utah requests:  (1) six million dollars; (2) a business management degree; (3) a letter helping him gain acceptance for finance or business-related programs into Harvard, Yale, Columbia, Cornell University, or

---

[4] Plaintiff's response in opposition to Strayer University's motion to dismiss.
[5] Mr. Utah alleges that Professor James Yuhaz, Diane Mcheegan, Angela Garrett, Maria Boutler, Robert Thompson, Dean Craig and Donna Sinclair all acted in violation of teaching standards.  However, the factual allegations against Dean Craig, Donna Sinclair, and Diane Mcheegan are indiscernible.

Dartmouth; and (4) a restraining order against all teachers and staff involved.  (Id. at ¶ 12).

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleading standards in federal actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to allege facts sufficient to show that the plaintiff has a plausible claim for relief.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  While Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . .claim is and the grounds upon which it rests," Bell Atlantic, 550 U.S. 544, the plaintiff must provide "more than labels and conclusions." Byrne v. Cleveland Clinic, 684 F. Supp. 2d 641, 649 (E.D. Pa. 2010)(citing Bell Atlantic, 550 U.S. 544).  A facially plausible claim may not be supported by conclusory allegations, but must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  However, a *pro se* complaint must be liberally construed and held to a less stringent standard than formal pleadings.  Estelle v. Gamble, 429 U.S. 97, 107 (1976).  A *pro se*

action "can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Jubilee v. Horn, 959 F.Supp. 276, 279 (E.D. Pa. 1997)(quoting Estelle, 429 U.S. at 107).

III.   DISCUSSION

    A.   Mr. Utah's Claims Against Strayer University

        1.   Breach of Contract

First, Mr. Utah alleges a breach of contract action "via PSEA, teachers are to help student succeed [sic]."[6] (Doc. No. 7 at ¶ 2(d)). Additionally, Mr. Utah claims that the teachers at Strayer University "acted in violation of teaching standards" and breached the National Education Association code of ethics. In order to successfully plead a claim for breach of contract under Pennsylvania law, a plaintiff must allege: "(1) the existence of a valid and binding contract to which he and the defendants were parties; (2) the contract's essential terms; (3) that he complied with the contract's terms; (4) that the defendants breached a duty imposed by the contract; and (5) damages resulting from the breach." Gundlach v. Reinstein, 924 F.Supp. 684, 688 (E.D. Pa. 1996)(citing Cottman Transmission Sys., Inc. v. Meloy, 851 F.Supp. 660, 672 (E.D. Pa. 1994)). Indeed, courts have recognized that "a student may bring a contract action to enforce the specific promises made by his university. Gundlach, 924 F.Supp. at 688; Cavaliere v. Duff's Bus.

---

[6] Mr. Utah does not clarify what "PSEA" stands for, but as the defendant suggests, I assume that the Plaintiff is referring to the Pennsylvania State Education Association, an advocacy group for teachers, when he uses the term PSEA.

Inst., 605 A.2d 397, 404 (Pa. Super. Ct. 1992)(recognizing that a breach of contract action could be brought against an institution where the plaintiff alleged a breach of a specific contractual undertaking).

Ultimately, Mr. Utah has failed to adequately plead a breach of contract action against Strayer University.  Most importantly, Mr. Utah's complaint does not identify a valid and binding contract between himself and Strayer University, but rather, alleges that the professors at Strayer University violated a contract with the PSEA.  In other words, Mr. Utah does not allege that Strayer University has promised a specific undertaking to him nor does he allege that Strayer University breached a contractual duty to him.  The failure to allege a valid and binding contract between himself and Strayer University is fatal to Mr. Utah's breach of contract action.  Furthermore, assuming *arguendo* that a contract existed between the Strayer University professors and the PSEA, Mr. Utah's complaint would still be insufficient because he fails to plead facts demonstrating that he is an intended beneficiary of that contract such that he would have rights of enforcement.  Accordingly, Mr. Utah cannot sustain a breach of contract action against Strayer University where he has failed to even allege the existence of a valid and binding contract between himself and Strayer University.

    **2.**    **Harassment**

Mr. Utah also attempts to allege a claim for harassment based on statements made by Professor Yuhaz and Professor Thompson during class and based on the fact that Mr. Utah saw and heard Professor Yuhaz several times while on campus.  As a threshold

matter, harassment is not an actionable tort in Pennsylvania. See DeAngelo v. Fortney, 515 A.2d 594, 596 (Pa. Super. Ct. 1986)("Pennsylvania courts have not heretofore recognized a separate tort of harassment."); Kostial v. Toyota of Greensburg, No. 11-0725, 2011 WL 6090695, *6 (W.D. Pa. Nov. 15, 2011)("Pennsylvania courts do not recognize a tort for harassment."). Given that Mr. Utah's asserted claim is not a recognized cause of action in Pennsylvania, I find that, as a matter of law, Mr. Utah does not have a plausible claim for relief and therefore, his harassment claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### 3. Discrimination

Finally, Mr. Utah alleges that he suffered "[d]iscrimination and profiling" by Strayer University. (Doc. No. 7 at ¶ 2(e)). In support of his discrimination claim, Mr. Utah states "[t]he campus thought Paul Utah was just an underachiever student" and "[w]hen plaintiff, Paul Utah, came to strayer [sic] University he came into the campus transferring with about a gpa of 1.9 GP [sic] from Pennsylvania State University." (Id. at 2(e)(i)-(ii)). It appears that Mr. Utah is asserting that Strayer University discriminated against him on the basis of his academic record. However, Mr. Utah has provided no legal basis for a finding that discrimination on the basis of his academic record is legally actionable or that his status as an "underachiever" makes him a member of a statutorily-protected class. Furthermore, even if Mr. Utah had provided this Court with legal authority indicating that underachievers were a statutorily-protected class, his complaint still would not contain sufficient factual allegations to plead a discrimination claim. Mr.

Utah does not allege any facts demonstrating that he was treated differently than similarly-situated individuals or giving rise to an inference of discrimination. Without alleging any authority suggesting that his claim is legally actionable, Mr. Utah has failed to plead a plausible claim for relief and his discrimination claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### B. Leave to Amend

"[I]f a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). "An amendment is futile if the amended complaint cannot withstand a renewed motion to dismiss." Harris v. Corbett, No. 12-01, 2014 WL 580150, *8 (W.D. Pa. Feb. 12, 2014)(citing Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)). Both *pro se* plaintiffs and plaintiffs represented by experienced counsel are subject to these principles. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

Permitting Mr. Utah to amend his complaint would be futile. Mr. Utah's complaint demonstrates no facts suggesting that there is an existing contract action between Mr. Utah and Strayer University such that Mr. Utah can assert a breach of contract action. Mr. Utah's harassment claim is not legally actionable as Pennsylvania does not recognize a separate tort of harassment. Finally, Mr. Utah has provided no legal authority to suggest that his status as an "underachiever" entitles him to protection under

federal or state law. Therefore, I am denying Mr. Utah leave to amend his complaint on the basis that the amendment would be futile.[7]

## IV.   CONCLUSION

Mr. Utah's complaint does not provide sufficient factual allegations demonstrating a plausible claim for relief and therefore, Mr. Utah failed to adequately plead a claim for relief under Fed. R. Civ. P. 8(a)(2). Accordingly, I grant defendant Strayer University's motion to dismiss and I will deny leave to amend the complaint as futile.

An appropriate Order follows.

---

[7] Additionally, the record is clear that Mr. Utah was on notice of the deficiencies in his complaint. On November 6, 2015, the defendant filed a motion to dismiss (Doc. No. 4) identifying the same deficiencies apparent in the current amended complaint (Doc. No. 1). Following the filing of the defendant's motion to dismiss (Doc. No. 4), on November 24, 2015, Mr. Utah filed an amended complaint (Doc. No. 7) that failed to cure the deficiencies noted by the defendant's earlier motion to dismiss (Doc. No. 4).